UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICON RESTORATION LLC            :        CASE NO.
16926 Detroit Avenue
Lakewood, Ohio  44107,              :        JUDGE

      Plaintiff,                    :

v.                                  :

BRENNON RAIL SERVICES LLC           :        <u>COMPLAINT</u>
38 Technology Drive
Tridelphia, West Virginia  26059,   :        (<u>Jury Demand Endorsed Hereon</u>)

BRITTANY BELLOCHIO                  :        (<u>Injunctive Relief Requested</u>)
38 Technology Drive
Tridelphia, West Virginia  26059,   :

ATP ENTERPRISES LLC                 :
38 Technology Drive
Tridelphia, West Virginia  26059,   :

WILLIAM PETTA                       :
38 Technology Drive
Tridelphia, West Virginia  26059,   :

BROWNLEE LAND VENTURES LP           :
5035 Jefferson Avenue
Avella, Pennsylvania  15312,        :

MARC B. CHERNENKO, TRUSTEE          :
800 Main Street
Wellsburg, West Virginia  26070,    :

      Defendants.                   :

Now comes Plaintiff by and through its undersigned attorneys and states for its Complaint:

1

## I.      PARTIES

1.      Plaintiff, American Restoration  Inc. ("Americon" or "Plaintiff") is an Ohio Corporation established and in good standing under the laws of the State of Ohio.  Plaintiff does business in the United States and has as its only office and establishment for doing business at the address set forth in the caption above; and located in this District. Plaintiff is in the business of providing fire restoration, security, environmental remediation, HAZMAT, and similar services on an emergency and/or expedited basis; and provided such at the real property located at 38 Technology Drive, Tridelphia, West Virginia.

2.      Defendant Brennon Rail Services LLC ("BRS"), is, on information and belief: Located at and was at all relevant times the owner and operator of an oilfield and fracking waste processing facility located in an industrial building complex at 38 Technology Drive, Tridelphia, West Virginia, is the sole tenant of Defendant ATC, and is owned and operated by Defendant Britany Bellochio.

3.      Defendant Brittany Bellochio ("Bellochio") is, on information and belief:  Located at and is the sole owner/member of Defendant BRS and is the alter ego thereof, and is the wife of William (Will) Petta.

4.      Defendant ATP Enterprises LLC ("ATP"); is, on information and belief:  Located at and is the owner of certain real estate known as 38 Technology Drive, Tridelphia, West Virginia, and lessor to Defendant BRS.

5.      Defendant William Petta, aka William John Petta, aka Will Petta ("Petta") is, on information and belief:  Located at and is the sole owner/member of Defendant ATP; and the alter ego thereof; is the husband of Defendant Brittany Bellochio; and, is the personal guarantor of a certain Promissory Note payable by Defendant ATP to Defendant Brownlee Land Ventures LP.

6.      Defendant  Brownlee Land Ventures LP (" Brownlee"), on information and belief; is a Pennsylvania Limited Partnership located at the address set forth in the caption hereof; is the payee of a certain Promissory Note for $2,900,000.00 made by Defendant ATP and guaranteed by Defendant Petta; and the beneficiary of the herein identified Deed of Trust

7.      Defendant Marc B. Chernenko; ("Chernenko", "Trustee") ; on information and belief ; is located and has for his sole place of business, the address set forth in the caption hereof, and is the Trustee under a certain Deed of Trust *aka* the Cesta Qui Trust; all for the real property located at 38 Technology Drive;  Tridelphia, West Virginia

## II.      JURISDICTION AND VENUE

8.      This Court has diversity jurisdiction over the subject matter of this action because this is a civil action between persons and entities located and doing business in different states. Ohio: Plaintiff; West Virginia: BRS, Bellochio, ATP, Petta, Chernenko; and Pennsylvania, Brownlee. And as such complete diversity exists between plaintiff and all defendants pursuant to 28USC 1332 (a)(1)

9.      Venue of this action is proper in the Northern District of Ohio pursuant to a forum selection clause (Cuyahoga County, Ohio) incorporated in a certain contract for services *and* assignment of insurance proceeds by and between Plaintiff and Defendant BRS.

10.      Venue is also proper with respect to Defendants ATP, Petta, Bellochio, Chernenko, and Brownlee as complete adjudication of this proceeding is not possible absent their joinder; pursuant to Fed. R. Civ. P. 19 (a)(1)(A),  Fed. R. Civ. P. 19(a) (1)(B)(i); and Fed. R. Civ.P. 19(a)(B)(ii)

### III.    CAUSES OF ACTION

11.    Breach of Contract, Conversion of Goods and Services, Conversion of Insurance Proceeds, Unjust Enrichment, and Tortious Interference in Contract; jointly and severally against: Defendants: Brennon Rail Services LLC, Brittany Bellochio  ATP Enterprises LLC , and William Petta.

12.    Injunctive relief against ATP Enterprises LLC and William Petta as and for the prohibition of (i) the transfer/conveyance/encumbrance of fee title to 38 Technology Dr. and/or (ii) any membership interests of William Petta in ATP Enterprises LLC, during the pendency of this proceeding.

13.    Conversion of Goods and Services, Unjust Enrichment, Tortious Interference in Contract, and Conversion of Insurance Proceeds against: Defendant Brownlee Land Ventures LP

14.    Injunctive relief against Brownlee Land Venture LP as and for the prohibition of the transfer/conveyance/encumbrance of fee title and/or the Deed of Trust; ref. 38 Technology Dr. and/or the membership interests of Petta in ATP during the pendency of this proceeding

15.    Injunctive Relief as to Defendant Marc B. Chernenko, Trustee; solely and exclusively as  Trustee of the Cesta Que Trust dated July 13, 2018 and recorded at Volume 1567 Page 1 of the Ohio County West Virginia Records; as and for the  prohibition of the transfer/conveyance/encumbrance of fee title to 38 Technology Dr.; the membership interests of Petta in ATC; and/ or the transfer/conveyance/cancellation of the Deed of Trust during the pendency of this proceeding

### IV.    FACTUAL BACKGROUND

16.    Plaintiff is in the business of providing regular and emergency/expedited post-catastrophe remediation services; including but not limited to clean up, waste disposal, security,

4

HAZMAT services, interaction with law enforcement, fire, and environmental protection agents/agencies, and related services and goods. One of Plaintiff's business practices is to provide such goods and services upon assignment of identified insurance proceeds in lieu of up-front and/or progress payment by the property owner. Such is the case herein.

17.    On or about February 1, 2021; the following describes the ownership, encumbrance, and operation of the real property and waste processing facility at 38 Technology Dr. And, which factual matters are believed to substantially and similarly continue as of the date hereof :

> (i) It is owned by Defendant ATP

> (ii) It was leased /rented to Defendant BRS which operated a processing facility
> for the recycling of oil field fracking waste, including Federal and/or State
> regulated waste streams.

> (iii) ATP, and BRS were solely owned and controlled by William
> Petta and Brittany Bellochio; husband and wife.

> (iv) The real property had been sold by Defendant Brownlee to Defendant ATP
> on or about July 13, 2018

> (v) The 2018 sale transaction incorporated a $2,900,000.00 Promissory Note
> beneficial to Defendant Brownlee; and the Note was secured by the personal
> guarantee of Petta, and a Deed of Trust held by Defendant Chernenko as Trustee
> for Brownlee (See: Exhibit A ,Promissory Note; Exhibit B, [online] Deed of Trust)

18.    On February 1, 2021 a catastrophic fire and explosion occurred at, and substantially destroyed the facility at 38 Technology Dr., which event also released substantial amounts of contaminated water, fluids, other wastes, solids and explosion/fire combustion products into the

environment. And, littered the property with destroyed parts of buildings, equipment, vehicles and other debris. (See: Exhibit C; Images, 1-32)

19.     On February 25, 2021 the West Virginia department of Environmental Protection (WVDEP) issued a Notice of Violation (Violation No. W-21-35-003-CTD) ("NOV") which described; and was subsequently enforced to address violations of West Virginia law and regulations which resulted from both the release noted above, the continuing post-fire/explosion presence of hazardous materials on site, and the substantial contaminated water runoff from the very extensive fire- fighting activities

20.     On April 3, 2021 Brittany Bellochio acting as agent for BRS, ATP, Bellochio, and Petta ratified and supplemented a February 3, 2021 contract for remediation services with Plaintiff which specifically included an assignment of and/or direct payment authorization of a certain Policy No. CPS 729623 issued to BRS by Scottsdale Specialty Insurance Co., aka Nationwide insurance proceeds, an 18% interest rate on unpaid balances,  attorney's fees, and *a forum selection clause*; Cuyahoga County, Ohio  (See: Exhibit D, Contract)

21.     The condition of the real property, buildings, and the BRS business after the fire and explosion; absent the subsequent remediation by Plaintiff ; and in view of the NOV and Federal and West Virginia law and regulation, constituted material entity obligations and risks for BRS, ATP, and Brownlee; as well as personal obligations and risks for Petta and Bellochio. Such legal and regulatory risks included but were not limited to: unilateral expedited governmental remediation and cost recovery, property liens, civil penalties, and potential criminal prosecution.

22.     Subsequent to the execution of, and pursuant to the Contract and other directions by Bellochio, Petta, BRS, and ATP to Plaintiff; the Plaintiff performed services and provided goods and materials to secure and remediate the premises at 38 Technology Dr.; including but not

6

limited to; securing the site, demolishing, removal, and disposal of the remains of damaged parts of the buildings, removal and disposal of destroyed/damaged vehicles and equipment, disposal of and/or remaining process and/or HAZMAT waste streams; and proceeding with respect to a possible determination of 'no further action' by the WVDEP ref. Violation W21-35-003-CTD (NOV); and   thereby (i) permitting the re-occupation of the property for renewed use by Defendants ATP, BRS, Bellochio and Petta, (ii) the avoidance of adverse regulatory actions against BRS, ATP, Petta, Bellochio, and Brownlee (See: Exhibit C images; Exhibit E, summary/partial/exemplar description of remediation activities)

23.    Subsequently to the execution of the Contract; Defendants BRS, ATP,  Petta, and Bellochio represented to Plaintiff that (i) Nationwide /Scottsdale Specialty Insurance Company (Scottsdale)  had issued a policy of insurance to BRS; Policy No. CPS 7296235 which insured the loss event described herein, (ii) the Plaintiff's remediation activities would be paid in substantial part by Scottsdale and that the coverage/ limits of payment available from Nationwide was $900,000.00

24.    Plaintiff, acting on behalf of and in concert with Defendants BRS, ATP, Petta, and Bellochio participated in organizing Scottsdale to pay BRS and Plaintiff as BRS's assignee, the sum of $900,000.00 as 100% of the policy limits; therefore to resolve BRS's claim with Nationwide and concurrently, enabling Plaintiff to receive the sum of $900,000.00 as (then) partial payment for Plaintiff's performance of its obligations under the Contract and otherwise at 38 Technology Dr.

25.    On or about February 15, 2022; Plaintiff learned that Defendants BRS, ATP, Petta, Bellochio, and Brownlee had directed the payment of the aforesaid $900,000.00 Scottsdale insurance proceeds to BRS and Brownlee Land Ventures LP as and for partial payment of the ATP

Promissory Note (and Petta Guarantee) and that Brownlee had accepted same; notwithstanding the prior BRS and Bellochio assignment of same to Plaintiff; and prior knowledge thereof by Petta, Bellochio, BRS, ATP, and Brownlee.

26.     Plaintiff has reasonably determined from information presently available; that it is owed the sum of (i)$ 556,947.56 for part of the remediation activities (ii) $329,189.00 for additional undertakings by Plaintiff which sums ($886,136.00) remains unpaid and (iii) interest at the rate set forth in the Contract which accrues at $437.00 per diem; for a partial total due and owing of $886,136.00 (iv) an additional sum to be determined in this proceeding for additional goods and services provided by Americon through its subcontractors which has not been fully accounted; for a total of $886,136.00 pursuant to the Contract and/or on account; and attorney's fees and costs.

27.     Plaintiff, on information and belief , has been made aware that Defendants ATP, Petta, BRS, Bellochio, Brownlee, and Trustee Chernenko have entered into undertakings to sell /convey/transfer the subject property at 38 Technology Drive and thus (i) avoid payment of Defendant (s) BRS, ATP, Petta , and/or Bellochio's joint and several obligations to Plaintiff; and (ii) avoid the restitution to Plaintiff by BRS, ATP, Petta, Bellochio, and/or Brownlee of the $900,000.00 AIG payment unlawfully converted by/diverted to Brownlee.

28.     In summary; the February 1, 2021 fire and explosion at the BRS facility owned by ATP destroyed the BRS business and the ATP property. The WVDEP issued a NOV regarding the post-incident condition of the site. The Plaintiff contracted to remediate the site and resolve the NOV in partial consideration of the assignment of BRS's insurance proceeds. The Plaintiff performed and has demanded payment. However, on information and belief; the noted Defendants diverted the insurance proceeds to pay Brownlee's Note and reduce Petta's exposure on his

personal guarantee of the Note; and refuse to pay the amount due to Plaintiff for its remediation; in a sum of at least $886,136.00 pursuant to the Contract and/or on account; and interest, attorney's fees and costs as to be determined in this proceeding..

V.    CAUSES OF ACTION

First Cause of Action: Breach of Contract: BRS

29.    Plaintiff restates and incorporates the foregoing Paragraphs 1- 28 as if set forth herein and states further:

30.    Defendant BRS is in breach of its contract with Plaintiff for remediation services pursuant to the Contract and/or on account, and has not paid for same despite demand; and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

31.    Defendant BRS is in breach of its contract with Plaintiff as assignor of the proceeds of the Nationwide insurance policy identified herein, and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted/paid to Brownlee

Second Cause of Action: Unjust Enrichment; BRS

32.    Plaintiff restates and incorporates the foregoing Paragraphs 1- 31 as if set forth herein and states further.

33.    Defendant BRS has obtained the goods and services of Plaintiff including but not limited to relief from risks of civil liability and penalties arising out of the herein identified NOV to its own benefit and use without payment; and as such has been unjustly enriched by and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

<u>Third Cause of Action: Conversion by BRS</u>

34.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 33 as if set forth herein and states further.

35.     Defendant BRS knowingly and unlawfully converted the value of the goods and services provided by Plaintiff, including but not limited to relief from risks of civil liability and penalties arising out of the herein identified NOV to its own benefit and use without payment; and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

36.     Defendant BRS knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment which it had assigned to Plaintiff; to Defendant Brownlee for apparent application as partial payment to BRS's landlord's/guarantors' (ATP/Petta) unrelated obligation to Brownlee under the Promissory Note, Deed of Trust, and Petta Guarantee; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

<u>Fourth Cause of Action: Conversion by Brittany Bellochio</u>

37.     Plaintiff restates and incorporates the foregoing Paragraphs 1-36 as if set forth herein and states further.

38.     Defendant Bellochio I the sole owner /member of, and is the alter ego of Defendant BRS; and knowingly and unlawfully engaged in the conversion of  the value of the goods and services provided by Plaintiff, including relief from personal risks of civil liability and penalties arising out of the herein identified NOV; to her own benefit and use as the sole owner and member of BRS and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding..

10

39.     Defendant Bellochio knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment which BRS had assigned to Plaintiff; to Defendant Brownlee for apparent application as partial payment of the unrelated obligations to Brownlee under the Promissory Note, Deed of Trust, and Petta Guarantee; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

<u>Fifth Cause of Action :Unjust Enrichment Brittany Bellochio</u>

40.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 39 as if set forth herein and states further.

41.     Defendant Bellochio as the sole owner/member and alter ego of BRS has obtained the goods and services of Plaintiff without payment including relief from personal risks of civil liability and penalties arising out of the herein identified NOV and as such has been unjustly enriched and has thereby damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

<u>Sixth Cause of Action: Conversion by ATP</u>

42.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 41 as if set forth herein and states further.

43.     Defendant ATP as the owner of  the real property located at 38 Technology Dr. identified herein, knowingly and unlawfully converted the value of the goods and services provided by Plaintiff to its own benefit and use including but not limited to relief from risks of civil liability and penalties arising out of the herein identified NOV and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

11

44.     Defendant ATP knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment which BRS had assigned to Plaintiff; to Defendant Brownlee for apparent application to the partial payment of ATP's and Petta's unrelated obligation to Brownlee under the Promissory Note, Deed of Trust, and Petta Guarantee; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

<u>Seventh Cause of Action: Unjust Enrichment ATP</u>

45.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 44 as if set forth herein and states further.

46.     Defendant ATP knowingly and unlawfully has received the benefit of the value of the goods and services provided by Plaintiff without payment including buy not limited to relief from the risks of civil liability and penalties arising out of the herein identified NOV; and as such has been unjustly enriched and thereby has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

47.     Defendant ATP knowingly and unlawfully participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment which BRS had assigned to Plaintiff; to Defendant Brownlee for apparent application to the partial payment of ATP's and Petta's unrelated obligation to Brownlee under the Promissory Note and Deed of Trust and therefore has been unjustly enriched in the sum of $900,000.00; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

<u>Eighth Cause of Action: Tortious Interference in Contract by ATP</u>

48.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 47 as if set forth herein and states further.

49.     Defendant ATP with full knowledge of the Contract and the assignment of insurance proceeds incorporated therein; willfully and tortiously interfered in said Contract for its own benefit, including but not limited to the diversion/conversion of the Scottsdale insurance proceeds in the sum or $900,000.00; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

<u>Ninth Cause of Action: Injunctive Relief Against ATP</u>

50.     Plaintiff restates and incorporates the foregoing Paragraphs 1-49 as if set forth herein and states further.

51.     Defendant ATP as the fee owner of  the real property located at 38 Technology Dr. identified herein; has on information and belief, entered into undertakings to sell/transfer/ convey the fee interest therein to related and/or unrelated persons and/or entities and if such conduct is not prohibited by injunction, Plaintiff will be irreparably harmed.

<u>Tenth Cause of Action: Conversion by Petta</u>

52.     Plaintiff restates and incorporates the foregoing Paragraphs 1-51 as if set forth herein and states further.

53.     Defendant Petta as the sole member/owner and alter ego of ATP has knowingly and unlawfully converted the value of the goods and services, provided by Plaintiff without payment, including but not limited to relief from personal risks of civil liability and penalties arising out of the herein identified NOV; to his own benefit and use and therefore has damaged and/or owes

Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

54.     Defendant Petta knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment which BRS had assigned to Plaintiff; to Defendant Brownlee for apparent application to the partial payment of Petta and ATP's unrelated obligation to Brownlee under the Promissory Note, Deed of Trust, and Petta Guarantee; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

Eleventh Cause of Action: Unjust Enrichment by Petta

55.     Plaintiff restates and incorporates the foregoing Paragraphs 1-54 as if set forth herein and states further.

56.     Defendant Petta as the sole owner/member and alter ego of Defendant ATP knowingly and unlawfully has received the benefit of the value of the goods and services provided by Plaintiff without payment; including but not limited to relief from the personal risks of civil liability and penalties arising out of the herein identified NOV; and as such has been unjustly enriched and has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

57.     Defendant Petta knowingly and unlawfully participated in the diversion to and/or conversion of the $900,000.00 AIG payment BRS had assigned to Plaintiff; to Defendant Brownlee for apparent application to the partial payment of ATP's unrelated obligation to Brownlee and his personal guarantee thereof; under the Promissory Note and Deed of Trust and therefore has been unjustly enriched and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully paid to Brownlee.

14

<u>Twelfth Cause of Action: Tortious Interference in Contract by Petta</u>

58.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 57 as if set forth herein and states further.

59.     Defendant Petta with full knowledge of the Contract and the assignment of insurance proceeds incorporated therein; willfully and tortiously interfered in said Contract for his own benefit, including but not limited to the diversion/conversion of the Scottsdale insurance proceeds in the sum or $900,000.00; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

<u>Thirteenth Cause of Action: Injunctive Relief Against Petta</u>

60.     Plaintiff restates and incorporates the foregoing Paragraphs 1-59 as if set forth herein and states further.

61.     Defendant ATP as the owner of  the real property located at 38 Technology Dr. identified herein; and Defendant Petta as its sole member/owner ; on information and belief, has entered into undertakings to sell /convey/transfer the fee interest therein and/or Petta's sole membership/ownership interests in ATP , to unrelated persons and/or entities and if such conduct is not prohibited by injunction; Plaintiff will be irreparably harmed

<u>Fourteenth Cause of Action: Injunctive Relief Against Marc Chernenko, Trustee</u>

62.     Plaintiff restates and incorporates the foregoing Paragraphs 1-61 as if set forth herein and states further.

63.     Defendant ATP as the owner of  the real property located at 38 Technology Dr. identified herein; and Defendant Chernenko as Trustee; holds an interest of record therein by reason of the Deed of Trust.

64.     ATP and/or Petta as its sole member/owner; on information and belief, have entered into undertakings to sell /transfer/convey he fee interest therein and/or Petta's sole membership/ownership interests in ATP to related and/or unrelated persons and/or entities and if such conduct; including but not limited to Trustee's interest therein and/or cancellation of the Deed of Trust is not prohibited by injunction, Plaintiff will be irreparably harmed

<u>Fifteenth Cause of Action: Conversion; Brownlee Land Ventures LP</u>

65.     Plaintiff restates and incorporates the foregoing Paragraphs 1-64 as if set forth herein and states further.

66.     Defendant Brownlee knowingly, willfully, and unlawfully participated in the diversion to and/or conversion of the $900,000.00 AIG payment BRS had assigned to Plaintiff; to Brownlee for improper and unlawful application thereof to the partial payment of ATP's unrelated obligation to Brownlee guaranteed by Petta ; under the Promissory Note and Deed of Trust and therefore is liable to  Plaintiff for the restitution of the sum of $900,000.00

67.     Defendant Brownlee is the payee of that certain Promissory Note and beneficiary of the Deed of Trust encumbering the property at 38 Technology Dr. and as such has received and converted to its use and benefit the value of the goods and services provided by Plaintiff without payment; including relief from the potential risks of civil liability and penalties arising out of the herein identified NOV; and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding..

<u>Sixteenth Cause of Action: Unjust Enrichment; Brownlee Land Ventures LP</u>

68.     Plaintiff restates and incorporates the foregoing Paragraphs 1-67 as if set forth herein and states further.

69.     Defendant Brownlee is the payee of that certain Promissory Note and beneficiary of the Deed of Trust encumbering the property at 38 Technology Dr. and as such has received the benefit of  the value of the goods and services provided by Plaintiff to and for the real property subject to the Deed of Trust without payment; including relief from the potential risks of civil liability and penalties arising out of the herein identified NOV; and as such has been unjustly enriched and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding.

 Seventeenth Cause of Action: Tortious Interference in Contract by Brownlee Land Ventures LP

70.     Plaintiff restates and incorporates the foregoing Paragraphs 1-69 as if set forth herein and states further.

71.     Defendant Brownlee with full knowledge of the Contract and the assignment of the Scottsdale insurance proceeds incorporated therein; willfully and tortiously interfered in said Contract for its own benefit, including but not limited to the diversion/conversion of the Scottsdale insurance proceeds in the sum or $900,000.00 to itself ; and is therefore liable to Plaintiff for the restitution of the sum of $900,000.00 improperly and unlawfully diverted to Brownlee

 Eighteenth Cause of Action: Injunctive Relief Against Brownlee Land Ventures LP

72.     Plaintiff restates and incorporates the foregoing Paragraphs 1- 72 as if set forth herein and states further.

73.     Defendant ATP as the owner of  the real property located at 38 Technology Dr. identified herein; and Brownlee hold an interest of record therein by reason of the Deed of Trust ; and Brownlee may also have an interest in the sole membership/ownership of ATP by Petta as guarantor of the Promissory Note

17

74.     ATP and/or Petta as its sole member/owner, have on information and belief, entered into undertakings to sell/transfer/convey the fee interest therein and/or Petta's sole membership/ownership interests in ATP to related and/or unrelated persons and/or entities and if such conduct; including but not limited to Brownlee's interest therein, Brownlee's interest in Petta's sole membership/ownership of ATP, s and/or cancellation of the Deed of Trust is not prohibited by injunction, Plaintiff will be irreparably harmed

WHEREFORE: Plaintiff respectfully requests that this Court grant the following relief to Plaintiff:

I.      Judgment on Plaintiff's First through Eighteenth Causes of Action

1. Judgment on its First Cause of Action; (Breach of Contract by BRS); that: Defendant BRS has breached its Contract with Plaintiff and that as a result thereof Plaintiff is entitled to monetary damages and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding; and therefore BRS be ordered to pay such sums to Plaintiff.

2. Judgment on its Second Cause of Action: (Unjust Enrichment of BRS); that: Defendant BRS wrongfully obtained the goods and services of Plaintiff without payment and as a result thereof has been unjustly enriched and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding; and therefore BRS be ordered to pay such sums to Plaintiff.

3. Judgment of its Third Cause of Action; (Conversion by BRS) that:

(i) Defendant BRS unlawfully converted to its  own use and benefit the goods and services of Plaintiff without payment and as a result thereof therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's

18

fees and costs as to be determined in this proceeding; and therefore BRS be ordered to pay such sums to Plaintiff.

(ii) Defendant BRS knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment it had assigned to Plaintiff; to Defendant Brownlee; and that BRS therefore be ordered to pay to Plaintiff the sum of $900,000.00 plus interest thereon at the statutory rate; \

4. Judgment on its Fourth Cause of Action (Conversion by Bellochio); that: Defendant Bellochio is sole member/owner and the alter ego of Defendant BRS, and that she:

(i) Knowingly and unlawfully engaged and/or participated in the conversion of the value of the goods and services provided by Plaintiff to her own benefit and use as the sole owner and member of BRS; and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding; and therefore Bellochio be ordered to pay such sums to Plaintiff.

(ii) Knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment BRS had assigned to Plaintiff; to Defendant Brownlee; and therefore Bellochio be ordered to pay Plaintiff the sum of $900,000.00 plus interest thereon at the statutory rate.

5. Judgment on its Fifth Cause of Action (Unjust Enrichment of Bellochio) that: Defendant Bellochio is the sole owner/member and the alter ego of BRS; and that she: has obtained the value of the goods and services of Plaintiff without payment including relief from personal risks of civil liability and penalties arising out of the herein identified NOV and as such has been unjustly enriched and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest

19

pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding; and therefore Bellochio be ordered to pay such sums to Plaintiff.

6. Judgment on its Sixth Cause of Action (Conversion by ATP) that: Defendant ATP as the owner of the real property located at 38 Technology Dr.,

(i) Knowingly and unlawfully converted the value of the goods and services provided by Plaintiff to its own benefit and use including relief from risks of civil liability and penalties arising out of the herein identified NOV; and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding;; and therefore ATP be ordered to pay said sum to Plaintiff

(ii) Knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 AIG payment BRS had assigned to Plaintiff as and for partial payment of ATP's obligations to Brownlee; and therefore ATP be ordered to pay Plaintiff the sum of $900,000.00 plus interest thereon at the statutory rate.

7. Judgment on its Seventh Cause of Action: (Unjust Enrichment of ATP) that: Defendant ATP;

(i) Knowingly and unlawfully has received the benefit of the value of the goods and services provided by Plaintiff without payment including relief from the risks of civil liability and penalties arising out of the herein identified NOV; and as such has been unjustly enriched and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding; and therefore ATP be ordered to pay said sum to Plaintiff.

(ii)  Knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 AIG payment BRS had assigned to Plaintiff; to Defendant Brownlee as and for partial payment of ATP's obligations to Brownlee; and has been unjustly enriched in the sum of $900,000.00 and therefore ATP be ordered to pay Plaintiff  the sum of $900,000.00 plus interest thereon at the statutory rate.

8. Judgment on its Eighth Cause of Action (Tortious Interference in Contract by ATP); that: Defendant ATP, with full knowledge of the Plaintiff-BRS Contract and the assignment of insurance proceeds incorporated therein; willfully and tortiously interfered in said Contract for its own benefit, including but not limited to the diversion/conversion of the Scottsdale insurance proceeds payable to Plaintiff to its own benefit and therefore ATP be ordered to pay Plaintiff the sum of $900,000.00 plus interest thereon at the statutory rate

9. Judgment on its Ninth Cause of Action (Injunctive Relief Against ATP) that: Defendant ATP as the fee owner of  the real property located at 38 Technology Dr. identified herein; has entered into undertakings to sell/transfer/convey the fee interest therein to related and/or unrelated persons and/or entities and therefore Defendant ATP is to be enjoined from  the transfer of any fee interest in said property without order of this Court

10. Judgment on its Tenth Cause of Action (Conversion by Petta) that Defendant Petta is the sole member/owner and the  alter ego of ATP and that he:

(i) Knowingly and unlawfully converted the value of the goods and services, provided by Plaintiff , including relief from personal risks of civil liability and penalties arising out of the herein identified NOV to his own benefit and use; and has thereby been unjustly enriched ; and therefore has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to

the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding;; and Petta be ordered to pay said sum to Plaintiff

(ii) Knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment BRS had assigned to Plaintiff to Defendant Brownlee, and  therefore Petta be ordered to pay Plaintiff the sum of $900,000.00 plus interest thereon at the statutory rate.

11. Judgment on its Eleventh Cause of Action (Unjust Enrichment of Petta) that: Defendant Petta is the sole owner/member and the alter ego of Defendant ATP and that he:

(i) Knowingly and unlawfully received the benefit of  the value of the goods and services provided by Plaintiff without payment; including relief from the personal risks of civil liability and penalties arising out of the herein identified NOV; and as such has been unjustly enriched and has damaged and/or owes Plaintiff at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding;; and Petta be ordered to pay said sum to Plaintiff

(ii) Knowingly and unlawfully engaged and/or participated in the diversion to and/or conversion of the $900,000.00 Scottsdale payment Defendant BRS had assigned to Plaintiff; to Defendant Brownlee for partial payment of Defendant ATP's unrelated obligation to Defendant Brownlee and Defendant Petta's personal guarantee thereof; and has been unjustly enriched and therefore be ordered to pay the sum of $900,000.00  to Plaintiff plus interest thereon at the statutory rate

12. Judgment on its Twelfth Cause of Action (Tortious Interference in Contract by Petta) that: Defendant Petta; with full knowledge of the Plaintiff-BRS Contract and the assignment of the Scottsdale insurance proceeds incorporated therein; willfully and tortiously interfered in said

Contract for his own benefit, including but not limited to the diversion/conversion of the Scottsdale insurance proceeds payable to Plaintiff to Brownlee for his own benefit, and therefore be ordered to pay Plaintiff the sum of $900,000.00 to Plaintiff plus interest thereon at the statutory rate.

13. Judgment on its Thirteenth Cause of Action (Injunctive Relief Against Petta) that: Defendant Petta is the sole owner/member and is the alter ego of Defendant ATP and

(i) ATP and Petta have  entered into undertakings to sell/transfer/convey the fee interest therein and/or the ownership/membership interest of Petta to related and/or unrelated persons and/or entities and by any such conduct Plaintiff will be irreparably harmed;

(ii) Petta be enjoined from any sale/transfer/conveyance of any fee interest in said property and/or any membership/ownership interest of Petta during the pendency of this proceeding.

14. Judgment on its Fourteenth Cause of Action (Injunctive Relief Against Marc Chernenko, Trustee) that: Defendant Trustee as the holder of a Deed of Trust for Defendant Brownlee, is a necessary party to this  proceedings pursuant to Fed. R. Civ. P. 19 et seq; in his capacity as Trustee and;

(i) Holds an interest of record in the real property located at 38 Technology Dr therein by reason of the Deed of Trust

(ii) That any sale, transfer, or conveyance of the subject real property by ATP and/or Petta to related and/or unrelated persons and/or entities and if such transfer; includes but is not limited to Trustee's interest therein and/or cancellation of the Deed of Trust; Plaintiff will be irreparably harmed

23

(iii) Defendant Trustee be enjoined from any sale/transfer/conveyance of any fee or other interest in said property without limitation, and any cancellation, amendment, or transfer/conveyance of said Deed of Trust.

15. Judgement on Plaintiff's Fifteenth Cause of Action: (Conversion; Brownlee Land Ventures LP) that:

(i) Defendant Brownlee knowingly, willfully, and unlawfully engaged and/or participated in the unlawful diversion to and/or conversion of the $900,000.00 AIG payment that Defendant BRS had assigned to Plaintiff; to Brownlee and therefore Brownlee be ordered to pay the sum of $900,000.00 to Plaintiff plus interest at the statutory rate.

(ii) Defendant Brownlee, as the beneficiary of the Deed of Trust encumbering the property at 38 Technology Dr. has knowingly and willfully received and converted to its use and benefit the value of the goods and services provided by Plaintiff without payment; including relief from the potential risks of civil liability and penalties arising out of the herein identified NOV;

16. Judgment on its Sixteenth Cause of Action: (Unjust Enrichment; Brownlee Land Ventures LP) that Defendant Brownlee is the beneficiary of the Deed of Trust encumbering the property at 38 Technology Dr. and has received the benefit of the value of the goods and services provided by Plaintiff without payment; including relief from the potential risks of civil liability and penalties arising out of the herein identified NOV; and been unjustly enriched and is therefore liable to Plaintiff in a sum of at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding;

17. Judgment on its Seventeenth Cause of Action (Tortious Interference in Contract by Brownlee) that: Defendant Brownlee, with full knowledge of the Plaintiff-BRS Contract and the assignment of the Scottsdale insurance proceeds incorporated therein; willfully and tortiously

24

interfered in said Contract for its own benefit, including but not limited to the diversion/conversion of the Scottsdale insurance proceeds payable to Plaintiff to Brownlee for its own benefit, and therefore be ordered to pay Plaintiff the sum of $900,000.00 to Plaintiff plus interest thereon at the statutory rate.

18. Judgment on its Eighteenth Cause of Action (Injunctive Relief Against Brownlee Land Ventures LP); that Defendant Brownlee holds an interest therein by reason of the Deed of Trust ; and Brownlee has an interest in the sole membership/ownership of ATP by Petta as guarantor of the Promissory Note and therefore be enjoined from transferring any interest in the property secured by the Deed of Trust, any interest in Petta's sole membership/ownership interests in ATP; and/or cancellation of the Deed of Trust.

II.     Exemplary Damages

19. Exemplary Damages against Defendant BRS; Judgment that the conduct of Defendant BRS as set forth in the herein Second and Third Causes of Action is willful and intended to unlawfully and unreasonably injure Plaintiff for which Plaintiff is therefore entitled to exemplary damages in an amount to be determined by this Court such as to deter such conduct in the future; and reasonable attorney's fees and the costs of this action

20. Exemplary Damages against Defendant Bellochio; Judgment that the conduct of Defendant Bellochio as set forth in the herein Fourth and Fifth Causes of Action is willful and intended to unlawfully and unreasonably injure Plaintiff for which Plaintiff is therefore entitled to exemplary damages in an amount to be determined by this Court such as to deter such conduct in the future; and reasonable attorney's fees and the costs of this action

21. Exemplary Damages against Defendant ATP; Judgment that the conduct of Defendant ATP as set forth in the herein Sixth, Seventh, and Eighth Causes of Action is willful and intended

to unlawfully and unreasonably injure Plaintiff; for which Plaintiff is therefore entitled to exemplary damages in an amount to be determined by this Court such as to deter such conduct in the future; and reasonable attorney's fees and the costs of this action

22. Exemplary Damages against Defendant Petta: Judgment that the conduct of Defendant Petta as set forth in the Tenth , Eleventh, and Twelfth Causes of Action is willful and intended to unlawfully and unreasonably injure Plaintiff ; for which Plaintiff is therefore entitled to exemplary damages in an amount to be determined by this Court such as to deter such conduct in the future; and reasonable attorney's fees and the costs of this action

23. Exemplary Damages against Defendant Brownlee; Judgment that the conduct of Defendant Brownlee as set forth in the Fifteenth, Sixteenth and Seventeenth Causes  of Action is willful and intended to unlawfully and unreasonably injure Plaintiff for which Plaintiff is therefore entitled to exemplary damages in an amount to be determined by this Court such as to deter such conduct in the future; and reasonable attorney's fees and the costs of this action

III.    Summary of Money Damages and Attribution Thereof.

24.  Joint and Several Judgment for Money Damages; as and for the Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, and Sixteenth Causes of Action; jointly and severally against Defendants BRS, Bellochio, ATP, Petta, and Brownlee in the sum of at least $886,136.00 plus interest pursuant to the Contract and/or on account; attorney's fees and costs as to be determined in this proceeding;

25.  Joint and Several Judgment for Money Damages; as and for the Third, Fourth, Sixth, Seventh, Eighth, Tenth, Eleventh, Twelfth, Fifteenth , and Seventeenth Causes of Action ; jointly and severally against Defendants BRS, Bellochio, ATP, Petta and Brownlee in the sum of $900,000.00 plus interest at the statutory rate.

26

IV.     <u>Injunctive and Other Relief</u>

26.  <u>Injunctive Relief</u>; as set forth in the Ninth, Thirteenth, Fourteenth, and Seventeenth Causes of Action; jointly and severally against Defendants ATP, Petta, Brownlee, and Chernenko.

27. <u>Other Relief</u>: Any other relief that this Court shall deem reasonable, just and proper under the facts, circumstances and principles of law and equity as set forth herein.

Respectfully submitted,

/s/  Robert W. McIntyre
ROBERT W. McINTYRE (0006768)
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio  44124
(440) 446-1100 – Phone
(440) 446-1240 – Fax
rmcintyre@dhplaw.com
Attorney for Plaintiff

<u>JURY DEMAND</u>

Plaintiff, American Restoration LLC, hereby demands a trial by jury pursuant to the Federal Rules of Civil Procedure.

/s/ Robert W. McIntyre
ROBERT W. McINTYRE (0006768)
Attorney for Plaintiff

27